## REESE v GAHAGEN CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4211. Decided March 13, 1933

Ragland, Dixon & Murphy, Cincinnati, for plaintiff in error.

August A. Rendigs, Jr., Cincinnati, and Edward Lee Mayer, Cincinnati, for defendant in error.

200

## OPINION

By ROSS, J.

The trial court instructed a verdict and we consider properly conforming to the law laid down in the case of **Union Gas & Electric Co. v Crouch, a minor, 123 Oh St, 81.** The first paragraph of the syllabus in that case is as follows:

"The owner of an automobile being driven by a servant in the business of the owner within the scope of the servant's employment is not liable for damages to a guest of the servant for injuries caused to such guest by the negligence of the servant while riding in the automobile without the knowledge and consent of the owner, it not appearing that such guest is at the time rendering necessary assistance to the servant within the scope of his employment.".

It has been suggested that the evidence being in dispute as to who invited the injured party that the question should have been left to the jury. We think this makes no difference, for the invitation or permission through the customer would in any event include the host and hostess, and bring them within the rule of the Crouch case.

It is further suggested that the friends of the customer were of some service. If so in approving or disapproving the operation of the car, they were of service to the customer and not the salesman, to whom naturally they owed no obligation of any kind.

The judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.